USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/23/06

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ISLAND GLOBAL YACHTING, LTD.,       :
                                    :
                    Plaintiff,      :    06 Civ. 4244 (VM)
                                    :
        - against -                 :    DECISION AND ORDER
                                    :
POOLE CAPITAL, S.A.,                :
ANDREW J. BAKER, PETER DORAN,       :
and BRIAN R.M. PEARCE,              :
                                    :
                    Defendants.     :
------------------------------------X
```

**VICTOR MARRERO, United States District Judge.**

Defendant Poole Capital, S.A. ("Poole") removed the above-captioned action to this Court from the Supreme Court of the State of New York, County of New York. Poole asserts that this Court has jurisdiction by reason of the diversity of citizenship of the parties. However, both Poole and the plaintiff, Island Global Yachting, Ltd. ("Island"), are alien corporations. The presence of aliens on two sides of a case destroys diversity jurisdiction. See Corporacion Venezolana de Fomento v. Vintero Sales Corp., 629 F.2d 786, 790 (2d Cir 1980). Accordingly, the action is remanded pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

The Complaint identifies Island as a company organized under the laws of the Cayman Islands and alleges that Island has an office in New York City. The Complaint identifies Poole as an entity organized under the laws of the British Virgin Islands. A corporation that is incorporated in a foreign state is an alien for purposes of diversity

jurisdiction. See Sty-Lite Co. v. Eminent Sportswear Inc., 115 F. Supp. 2d 394, 398 (S.D.N.Y. 2000). The allegation that such a corporation does business in New York does not alter the corporation's status as an alien for diversity purposes. See id. The law in this Circuit is clear that the presence of aliens on two sides of a case destroys diversity jurisdiction. See Corporacion Venezolana, 629 F.2d at 790; Int'l Shipping Co., S.A. v. Hydra Offshore, Inc., 675 F. Supp. 146, 152 (S.D.N.Y. 1987).

A federal court must remand a case if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Accordingly, the proceeding is remanded to the Supreme Court of the State of New York, New York County.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated:    New York, New York
          23 June 2006

                              _____
                                    Victor Marrero
                                       U.S.D.J.